LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MICHELLE DISLA,
*on behalf of herself, FLSA Collective Plaintiffs and the Class*,

        Plaintiff,

        v.

SIGNATURE CLEANING SERVICES INC., and ANDREW WEISBACH,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, MICHELLE DISLA (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, SIGNATURE CLEANING SERVICES INC., and ANDREW WEISBACH (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime due to misclassification, (2) unpaid overtime due to time-shaving, (3) compensation for retaliation, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime due to misclassification, (2) unpaid overtime due to time-shaving, (3) compensation for retaliation, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MICHELLE DISLA, is a resident of Bronx County, New York.

6. Defendants operate a commercial cleaning company, offering cleaning and maintenance services to different businesses, under the tradename "Signature Cleaning Services Inc."

7. Defendant SIGNATURE CLEANING SERVICES, INC. is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 231 West 29th Street, New York, New York 10001.

Defendants operate "Signature Cleaning Services Inc." through Defendant SIGNATURE CLEANING SERVICES, INC.

8. Individual Defendant ANDREW WEISBACH is an owner of the Corporate Defendant. ANDREW WEISBACH exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to ANDREW WEISBACH directly regarding any of the terms of their employment, and ANDREW WEISBACH would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ANDREW WEISBACH ensured that employees worked effectively and that the business was operating efficiently and profitably. ANDREW WEISBACH exercised functional control over the business and financial operations of Defendant SIGNATURE CLEANING SERVICES, INC. ANDREW WEISBACH had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

9. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all administrative assistants, executive assistants, and other individuals with job duties similar to Plaintiff, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs"). Plaintiff and FLSA Collective Plaintiffs are not exempt under the Administrative Exemption because their primary duty was not directly related to the management of general business operations, and they could not exercise discretion or independent judgment with respect to matters of significance. Plaintiff and FLSA Collective Plaintiffs were subject to direct control and supervision of Defendants. Defendants determined and controlled work hours of Plaintiff and FLSA Collective Plaintiffs, as well as their method, details and means of performing services for Defendants. Plaintiff and FLSA Collective Plaintiffs reported directly to the managerial employees of Defendants.

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages for overtime hours at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek due to (i) the improper classification of non-exempt employees as exempt or (ii) time-shaving. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14. Plaintiff brings claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all administrative assistants, executive assistants, and other individuals with job duties similar to Plaintiff, employed by Defendants, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class"). Plaintiff and Class members are not exempt under the Administrative Exemption because their primary duty was not directly related to the management or general business operations, and they could not exercise discretion or independent judgment with respect to matters of significance. Plaintiff and Class members were subject to direct control and supervision of Defendants. Defendants determined and controlled work hours of Plaintiff and Class members as well as their method, details and means of performing services for Defendants. Plaintiff and Class members reported directly to the managerial employees of Defendants.

15. All said persons, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P.

16. The proposed Class is so numerous that joinder of all members is impracticable, and

the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation due to misclassification, (ii) failing to pay overtime compensation due to time-shaving, (iii) failing to provide proper wage statements to Plaintiff and Class members as required under the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

    d) Whether Defendants misclassified members of the Class as exempt from overtime;

    e) Whether Defendants failed to pay Plaintiff and Class members the full and proper overtime compensation to which they were entitled for hours worked over forty (40) per workweek;

    f) Whether Defendants caused time-shaving by paying Plaintiff and Class members for scheduled hours only;

    g) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

    h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

22. On or about October 10, 2017, Plaintiff MICHELLE DISLA, was hired by Defendants to work as an executive assistant for Defendants' professional cleaning business, "Signature Cleaning Services," located at 231 West 29th Street, New York, New York, 10001. Plaintiff was employed by Defendants until around the end of February 2018.

23. Throughout Plaintiff MICHELLE DISLA's employment with Defendants, Plaintiff was scheduled to work from 9:00am until 5:00pm, for five (5) days a week. However, due to a heavy workload, Plaintiff MICHELLE DISLA regularly worked from 7:30am until 6:00pm, for five (5) days a week, for a total of fifty-two and a half (52.5) hours per week, regularly working over forty (40) hours per week. Plaintiff MICHELLE DISLA was also required to work through her lunch break on a daily basis to complete her work. FLSA Collective Plaintiffs and Class members worked similar hours that regularly exceeded forty (40) hours per week. At all relevant times, Defendants did not maintain a system for tracking Plaintiff's, FLSA Collective Plaintiffs' and Class members' actual hours worked.

24. From the start of Plaintiff MICHELLE DISLA's employment until in or around mid-January 2018, Plaintiff MICHELLE DISLA was paid on a fixed salary of $866.00 per week, regardless of hours worked. From in or around mid-January 2018, without notice to Plaintiff, Defendants compensated Plaintiff at an hourly rate of $21.65, for up to only forty (40) hours per week, for a total of $866.00 per week. Regardless of how many hours Plaintiff worked in excess of forty (40) each workweek, Plaintiff was never paid an overtime compensation for hours worked in excess of forty (40) per week. Plaintiff also never received notice informing her that the fixed salary covered overtime hours. FLSA Collective Plaintiffs and Class members were similarly compensated on a fixed salary basis prior to mid-January 2018 and similarly switched

to an hourly rate without notice, for up to only forty (40) hours per week, pursuant to mid-January 2018. As a result, FLSA Collective Plaintiffs and Class members were not paid an overtime premium for hours worked in excess of forty (40) per week.

25. The primary duties of Plaintiff MICHELLE DISLA and other administrative and executive assistants were secretarial in nature. They were required to handle invoices, billing, and account proposals, to cover for the receptionist, and to file documents. During her employment with Defendants, Plaintiff's and other administrative and executive assistants' duties did not include managerial responsibilities or the exercise of independent business judgment.

26. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and New York Labor Law.

27. To the extent that Defendants raise an affirmative defense that Plaintiff, FLSA Collective Plaintiffs or Class members were not entitled to overtime compensation because they were exempt, such employees were misclassified because they did not meet the exemption requirements under the FLSA or NYLL. Therefore, Plaintiff, FLSA Collective Plaintiffs and Class members were entitled to overtime compensation (at an overtime rate of one-and-one-half of the regular rate) for all hours worked in excess of forty (40) per week. Defendants were not permitted to evade overtime payment by paying employees a fixed salary or by time-shaving the employees' hours worked beyond forty (40) per week.

28. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by New York Labor Law.

29. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week by either improperly misclassifying them as exempt or time-shaving their hours worked.

30. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the New York Labor Law, as the wage statements did not accurately reflect the number of hours worked by the employee.

31. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

33. In or around February 2018, Plaintiff raised several complaints that Defendants were undercompensating her, FLSA Collective Plaintiffs and Class members and failing to properly inform them of their employee rights and proper compensation. As a result of the complaints, Plaintiff was called into a hostile meeting with Individual Defendant regarding Defendants' compensation scheme. Such hostility amounted to a constructive discharge and Plaintiff terminated her employment with Defendants thereafter.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff realleges and reavers Paragraphs 1 through 33 of this Class and Collective Action Complaint as if fully set forth herein.

35. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

37. At all relevant times, the Defendants had gross annual revenues in excess of $500,000.

38. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of one and one-half times the regular pay rate for each hour worked in excess of forty (40) hours in a workweek.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

40. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs

intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

45. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this Class and Collective Action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

48. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them for all overtime hours worked at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other Class members, in violation of the New York Labor Law.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and Class members at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

52. Plaintiff realleges and reavers Paragraphs 1 through 51 of this Class and Collective Action Complaint as fully set forth herein.

53. Defendants retaliated against Plaintiff after she complained to Individual Defendant of Defendants' underpayment of compensation and lack of notice for changing their compensation scheme. Defendants' hostile behavior towards Plaintiff and argument during their meeting regarding the compensation scheme amounted to a constructive discharge.

54. Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

55. Plaintiff suffered mental distress and her employment was compromised as a result of Defendants' retaliatory actions.

56. Due to the Defendants' retaliation under the FLSA, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

57. Plaintiff realleges and reavers Paragraphs 1 through 56 of this Class and Collective Action Complaint as fully set forth herein.

58. Defendants retaliated against Plaintiff after she complained to Individual Defendant of Defendants' underpayment of compensation and lack of notice for changing their compensation scheme. Defendants' hostile behavior towards Plaintiff and argument during their meeting regarding the compensation scheme amounted to a constructive discharge.

59. Plaintiff suffered mental distress and her employment was compromised as a result of Defendants' retaliatory actions.

60. Due to the Defendants' retaliation under the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and NYLL;

d. An award of compensatory and punitive damages and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct under the FLSA and NYLL;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

g. An award of statutory penalties, and prejudgment and postjudgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 12, 2018

> Respectfully submitted,
>
> LEE LITIGATION GROUP, PLLC
> C.K. Lee (CL 4086)
> Anne Seelig (AS 3976)
> 30 East 39th Street, Second Floor
> New York, NY 10016
> Tel.: 212-465-1188
> Fax: 212-465-1181
> *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*
>
> By:   */s/ C.K. Lee*
>       C.K. Lee, Esq. (CL 4086)