```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
MICHELLE DISLA, on behalf of herself, FLSA
Collective Plaintiffs and the Class,

                    Plaintiff,

-against-

SIGNATURE CLEANING SERVICES INC., and
ANDREW WEISBACH,

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/2019
```

18 Civ. 8319 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On September 19, 2018, Plaintiff, a former executive assistant, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). ECF No. 1. On May 14, 2019, the parties notified the Court that they reached a settlement, and moved for approval of their settlement agreement. ECF No. 26. On May 15, 2019, the Court denied the parties' request without prejudice on the ground that Plaintiff's counsel had not provided a lodestar calculation in connection with their request for attorneys' fees. ECF No. 27. On May 17, 2019, the parties re-filed their settlement agreement (the "Settlement"), ECF No. 28-1, and moved for approval (the "Letter"), ECF No. 28. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

    In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4)

whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.  Analysis

The Settlement provides for Defendants to pay a total of $12,000, with Plaintiff to receive $8,000, and Plaintiff's counsel to receive $4,000 in attorneys' fees and costs. Settlement ¶ 1; Letter at 2. Plaintiff's letter motion identifies Plaintiff's possible recovery for her allegedly unpaid compensation to be $8,118.75. Letter at 2. The parties, however, note that Defendants contest Plaintiff's allegations and deny liability. *Id.* Moreover, the parties explain that in reaching the Settlement they were motivated to avoid the risks, burdens and expenses each side would face by proceeding to trial. *Id.* The parties also state that they engaged in arms-length negotiation, and there is no evidence of fraud or collusion. *Id.* The Court, therefore, concludes that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, because Plaintiff releases Defendants only from claims which were or could have been asserted in this action. Settlement ¶ 3. Moreover, although the Settlement contains a non-disparagement provision, it is mutual, and it does not prohibit the parties from making truthful statements about their experiences litigating this case. *Id.* ¶ 10. Nor is there a provision that restricts Plaintiff's future employment opportunities. The Court, therefore, is satisfied that the Settlement is fair and reasonable.

Turning to attorneys' fees, Plaintiff's counsel seeks to recover $4,000 in attorneys' fees and costs, reflecting one-third of the total value of the Settlement. *See* Letter at 2. The Second Circuit favors the percentage-of-the-fund method of calculating attorneys' fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). As a check on the reasonableness of attorneys' fees, however, courts still calculate the total cost of attorneys' hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

      Plaintiffs' counsel's lodestar calculation is $11,720 in attorneys' fees and costs for work done by Lee Litigation Group, PLLC.  Billing Records, ECF No. 28-1 at 16–21.  The billing records reflect time spent, *inter alia*, drafting the complaint, participating in discovery, and engaging in settlement discussions.  C.K. Lee, lead counsel on the matter, billed 3 hours at a rate of $650 per hour.  Anne Seelig, senior counsel, billed six hours at a rate of $550 per hour; Clara Lam, a fourth-year associate, billed 16.2 hours at $350 per hour; and Luis Arnaud, a paralegal, billed 3.2 hours at $125 per hour.  These rates are on the higher side.[1]  However, given that the lodestar calculation is almost three times higher than the amount Plaintiff's counsel seeks, the Second Circuit's preference for percentage-of-the-fund calculation of attorneys' fees, and Plaintiff's counsel's effective representation of Plaintiff here, the Court finds that the proposed fee award is reasonable.

## CONCLUSION

      For the reasons stated above, the parties' motion for settlement approval is GRANTED.  As requested by the parties, Letter at 1, Plaintiff's FLSA claims are DISMISSED with prejudice, ad Plaintiff's remaining claims are DISMISSED without prejudice.

      The Clerk of Court is directed to close the case.

      SO ORDERED.

Dated: June 11, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] *E.g.*, *Apolinario v. Luis Angie Deli Grocery, Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ("In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience."); *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181, 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("Indeed, courts in this District generally approve rates of . . . $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)).